**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | * | NO: 4:11CR00010 SWW |
| | * | |
| V. | * | NO: 4:13CV00181 SWW |
| | * | |
| TOM MUELLER | * | |

## ORDER

On March 15, 2012, Defendant Tom Mueller pleaded guilty of possession of child pornography, and on June 5, 2012, the Court sentenced him to serve eighteen months' imprisonment, followed by five years' supervised release. Now before the Court is Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 57), the United States' response in opposition (ECF No. 66), and Defendant's reply (ECF No. 67). After careful consideration, and for reasons that follow, the motion is denied without prejudice to Defendant's ability to move for modification of the terms supervised release under 18 U.S.C. § 3583(e)(2).

Defendant seeks removal of three terms of his supervised release: (1) the condition that he abstain from the use of alcohol throughout the course of supervision;[1] (2) the condition prohibiting him from owning or using a computer or device without first receiving the written permission of a United States probation officer;[2] and (3) the condition that he disclose his

---

[1] The last sentence of Additional Supervised Release Term No. 2 states: "Further, defendant shall abstain from the use of alcohol throughout the course of supervision and submit to testing." ECF No. 52, at 4.

[2] Additional Supervised Release Term No. 6 provides:

The defendant shall not own or use a computer or device (whether or not equipped with a modem or access to the Internet) at any location without first

business and personal financial information upon the request of a United States probation officer.[3]  Defendant seeks relief on the ground that his attorney rendered ineffective assistance by failing to object to the imposition of the foregoing terms.[4]

To establish ineffective assistance of counsel, Defendant must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different.  *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984).  Here, Defendant is unable to show prejudice.  The terms of Defendant's supervised release conform to the requirements of 18 U.S.C. § 3583(d) and the sentencing factors enumerated under § 3553(a),[5] and any argument to the contrary would have

---

> receiving the written permission from the U.S. Probation Officer. This includes access through any Internet service provider; bulletin board system; gaming system, device, or console; online social networking activities; any public or private computer network system; cell phone; or any other remote device capable of Internet connection.

ECF No. 52, at 4.

[3]Additional Supervised Release Term No. 8 states: "Defendant shall disclose business or personal financial information upon request of the U.S. Probation Office."  ECF No. 52, at 4.

[4]In his reply brief, Defendant makes clear that he is not asserting that counsel erred in recommending that he plead guilty or that counsel's alleged errors affected his decision to plead guilty.  Defendant states that he is simply asserting that his attorney rendered ineffective assistance of counsel by failing to challenge the complained-of additional terms of supervised release.

[5]Section 3583(d)(1) requires that conditions of supervised release be "reasonably related" to sentencing factors enumerated under § 3553(a): the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medicinal or other correctional needs.  *See United States v. Richart*, 662 F.3d 1037, 1056 (8th Cir. 2011)(citations omitted).  "In addition, such conditions must 'involve[ ] no greater deprivation of liberty than is reasonably necessary' to achieve these purposes and must be

failed. *See United States v. Richart*, 662 F.3d 1037, 1056 (8th Cir.2011)(noting that a district court has broad discretion in imposing conditions of supervised release, provided that the conditions meet the requirements of 18 U.S.C. § 3583(d)).

First, considering that Defendant used a computer and the internet to commit his crime,[6] the condition prohibiting him from owning or using a computer or device capable of internet connection is reasonably related to the nature and circumstances of the offense and the legitimate goals of preventing recidivism and protecting the public. Furthermore, the condition does not constitute a total ban on the use of computers or the internet as he can obtain written permission from his probation officer to use a computer or other prohibited device.

Second, the Court explained at sentencing that the condition requiring Defendant to disclose financial information upon the request of the probation officer was related to the offense and served the goal of preventing recidivism. The Court stated:

> The reason for this special condition is that frequently people who have committed pornography crimes have had to pay for the pornography, just as you had to pay for it. And when the probation office has the right as a special condition of your supervised release to review your finances, they can sometimes find where you might be buying pornography. And since you know that they might be searching them, that might be another incentive for you not to buy it or not to gain access to pornography.

Sentencing Tr. (ECF No. 37) at 37.

Third, the Eighth Circuit has upheld a condition of supervised release prohibiting the use

---

'consistent with any pertinent policy statements issued by the Sentencing Commission.'" *Richart*, 662 at 1037(quoting 18 U.S.C. § 3583(d)).

[6]In pleading guilty to possession of child pornography, Defendant acknowledged that he accessed the internet and obtained child pornography. *See* Change of Plea Tr. (ECF No. 61, at 11-12).

3

of alcohol during the course of sex offender treatment. *See United States v. Deatherage*, 682 F.3d 755 (8th Cir. 2012). In the event that Defendant completes sex offender treatment, he can request that the Court reconsider the term prohibiting the use of alcohol throughout the course of supervision.

Finally, a district court has authority to modify conditions of supervised release "at any time prior to the expiration or termination of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2); *see also Deatherage*, 682 F.3d at 765 (noting that a district court has "abundant opportunity to ameliorate any unreasonable adverse impact during the term of . . . supervised release"). Although the Court finds that Defendant is not entitled to relief under § 2255 under a theory of ineffective assistance of counsel, denial of his motion is without prejudice to his ability to move for modification of the terms of supervised release.

For the reasons stated, Defendant's motion (ECF #57) is DENIED without prejudice to Defendant's ability to file a motion for modification of the terms of supervised release.

IT IS SO ORDERED THIS 17TH DAY OF OCTOBER, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE